**Electronically Filed
Intermediate Court of Appeals
30104
07-MAR-2011
08:16 AM**

NO. 30104

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ESTELA PASCUA, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 09-1-1621)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Estela Pascua (Pascua) appeals from the Judgment of Conviction and Sentence filed on September 3, 2009 in the Family Court of the First Circuit (Family Court).[1] After a bench trial, Pascua was found guilty of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2010). The case involves an incident on May 31, 2009 between defendant Pascua and her husband, complaining witness Victorino Pascua (Victorino).

On appeal, Pascua contends that the Family Court erred by: (1) sustaining Appellee State of Hawaii's (State) objections to evidence of Victorino's prior bad acts offered in support of Pascua's self-defense claim; (2) denying Pascua's Motion for

_____

[1] The Honorable Gale L.F. Ching presided.

Judgment of Acquittal and adjudging her guilty of Harassment; and (3) concluding that the State had proven facts negating Pascua's assertion of self-defense.

Upon careful review of the record and the briefs submitted and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pascua's points of error as follows:

(1) During the State's case, Pascua sought to cross-examine Victorino about an incident in 1996 where he was allegedly charged with abusing Pascua. Pascua asserted that the deputy prosecutor had asked Victorino whether he had ever hit Pascua, thus opening the door to evidence of prior bad acts by Victorino. However, as the Family Court explained and the record reflects, the context of the deputy prosecutor's question was whether Victorino had ever hit Pascua on the date of the incident, which he denied. The prosecution did not open the door to explore prior incidents. Moreover, given that it was a bench trial, and the Family Court expressly stated that it understood the deputy prosecutor's question and Victorino's answer as being limited to the specific date of the incident, there was no prejudice to Pascua.

Pascua also contends on appeal that, during the presentation of her defense, the Family Court erred by ultimately sustaining the State's objection to her testimony that Victorino had hit her on one prior occasion. A defendant claiming self-defense is allowed to introduce evidence of the victim's violent or aggressive character "either to demonstrate the reasonableness of [defendant's] apprehension of immediate danger or to show that the [victim] was the aggressor." State v. Lui, 61 Haw. 328, 330, 603 P.2d 151, 154 (1979); see also State v. Maddox, 116 Hawaiʻi 445, 457, 173 P.3d 592, 604 (App. 2007).

2

Where character evidence is offered to show that the defendant had a reasonable apprehension of danger, the defendant must lay a proper foundation that, at the time of the incident, the defendant knew of specific acts of violence committed and provide sufficient information about that knowledge. Lui, 61 Haw. at 329-30, 603 P.2d at 154. The foundation is required because the evidence is probative of the defendant's state of mind, showing the defendant's belief or corroborating the defendant's knowledge of the complainant's character and tending to prove that the defendant acted as a reasonably prudent person would under similar beliefs and circumstances. Id.

Alternatively, where the evidence of a victim's violent character is offered to show that the victim was the first aggressor, such evidence "is properly excluded where the evidence at trial does not support a factual dispute as to who was the aggressor." Maddox, 116 Hawai'i at 457, 173 P.3d at 604.

In this case, the Family Court took a cautious approach by provisionally allowing Pascua to testify that Victorino had hit her on one prior occasion, instructing defense counsel to "tie it in," and taking the issue under advisement. After this instruction by the Family Court, no further information was provided by Pascua about the alleged prior incident. Following completion of Pascua's testimony and closing arguments, the Family Court took up the issue again. The Family Court concluded that the defense did not "tie it up," and thus the court sustained the State's objection to Pascua's testimony that Victorino had previously hit her.

Given the record in this case, Pascua's testimony did not provide any details about the alleged prior instance of violence by Victorino and failed to lay any foundation to admit such testimony. Moreover, the evidence at trial did not support a factual dispute as to who was the aggressor in the subject

3

incident.  Hence, the Family Court did not err in ultimately sustaining the State's objection to Pascua's testimony about the prior incident.

(2) Viewing the evidence in the light most favorable to the prosecution, there was substantial evidence as to every material element of the offense charged, and there is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support the conclusion that Pascua was guilty of Harassment.  Pascua admitted, and the Family Court found, that she hit Victorino at least once with a traffic cone.  Pascua argues that the State failed to prove her intent to harass, annoy, or alarm Victorino.

> [G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient . . . . Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all of the circumstances.

State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (citations, brackets, and quotation marks omitted).  It can be reasonably inferred that Pascua intended to harass, annoy, or alarm Victorino when she struck him with the traffic cone because there was evidence that: she was angry at him for coming home late and not feeding their children; she had been waiting for him to come home and came out of the house when she saw him pull into his parking space; she swore at him; she picked up the traffic cone when Victorino showed his indifference at coming home late; and she hit him with the traffic cone because she was angry.

The Family Court did not err in denying Pascua's Motion for Judgment of Acquittal and in adjudging her guilty of Harassment.

(3)  Pascua's contention that the State failed to disprove her claim of self-defense is without merit.  Based on

4

the evidence presented, there was substantial evidence that Pascua did not act in self-defense.  It was within the province of the trial judge to assess the credibility of the witnesses and the weight of the evidence.  See State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996).  "The prosecution disproves a justification defense beyond a reasonable doubt when the trial court believes the prosecution's case and disbelieves the defendant's case."  State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996) (citation omitted).

Therefore, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on September 3, 2009 in the Family Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai'i, March 7, 2011.

On the briefs:

Emmanuel G. Guerrero
(Law Offices of
  Emmanuel Guerrero, LLLC)
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge